890 March 18, 2026 No. 219

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of Z. E.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*and*

Z. E.,
*Respondent,*

*v.*

M. B.,
fka M. M. E.,
*Appellant.*

Multnomah County Circuit Court
17JU07682;
Petition Number 112643, D2022015;
A188217

Morgan Wren Long, Judge.

Argued and submitted January 22, 2026.

Mareesa M. Barrett argued the cause and filed the briefs *pro se*.

Stacy M. Chaffin, Assistant Attorney General, argued the cause for respondent Department of Human Services. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Interim Deputy Attorney General.

Ginger Fitch argued the cause for respondent child. Also on the brief was Youth, Rights & Justice.

Before Tookey, Presiding Judge, Egan, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this juvenile dependency case, mother appeals from a judgment continuing the permanency plan of reunification for her 14-year-old child Z. In five assignments of error, mother argues that the juvenile court erred in determining that mother had made insufficient progress to be reunified with Z and that, since 2018, the Oregon Department of Human Services (ODHS) had not engaged in reasonable efforts to reunify mother and Z.

In her first assignment of error, mother challenges the timing of the juvenile court's issuance of its order on mother's motion to dismiss jurisdiction and terminate wardship. However, we conclude that the order is not before us in this appeal, and therefore we cannot address mother's claim of error with respect to it. *See LDS Development, LLC v. City of Eugene*, 280 Or App 611, 614 n4, 382 P3d 576 (2016), *rev den*, 361 Or 100 (2017) (holding that assignment of error was "unreviewable" at that time because order was not properly before us and was subject to a separate pending appeal).

As to assignment of error two, mother challenges the juvenile court's September 2024 order, requiring mother to participate in a psychological evaluation. We conclude that the issue is moot because the juvenile court vacated that order, and mother agreed to participate in the evaluation. *See Dept. of Human Services v. C. T.*, 288 Or App 593, 599, 406 P3d 191 (2017), *rev den*, 362 Or 545 (2018) (an appeal is moot when a decision "will no longer have a practical effect on the rights of the parties").

As to assignments three to five, we conclude that the evidentiary record contains sufficient evidence to support the juvenile court's determinations that ODHS made reasonable efforts to reunify mother and child and that mother had not made sufficient progress for child to be safely returned to mother's care at the time of the permanency hearing—namely because mother's mental health continued to impair her ability to safely parent. *See Dept. of Human Services v. C. H.*, 373 Or 26, 48-50, 559 P3d 395 (2024) ("Efforts are reasonable when the agency has taken appropriate steps under the circumstances to give parents

a full and fair opportunity to remediate the bases for jurisdiction to become at least minimally adequate parents (and, for the purposes of a permanency hearing, to show that they have made sufficient progress to make it possible for the child to safely return to their care)."); *Dept. of Human Services v. Y. B.*, 372 Or 133, 136, 546 P3d 255 (2024) (this court "defer[s] to the juvenile court's findings of fact if there is any evidence in the record to support them").

Affirmed.